IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01274-BNB

MICHAEL DICINO,

    Plaintiff,

v.

TED MINK, Sheriff, in his official capacity,
SEAN RENFRO, Administrative Sergeant, in his individual and official capacity,
ALEXANDRA GARCIA, LPN, in her individual and official capacity, and
PARKS, Deputy, whose first name is unknown, in his official capacity,
WEBB, Sergeant, whose first name is unknown, in his official and individual capacity, and
JOHN DOE #1, Deputy, whose true name is unknown, in his official capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

    Plaintiff, Michael Dicino, is a pretrial detainee who was confined in the Jefferson County Jail in Golden, Colorado, when he initiated the instant action *pro se* against defendants at the Jefferson County Jail. Mr. Dicino's Prisoner Complaint is brought under 42 U.S.C. § 1983 and is fifty-six pages long, including numerous attachments. He asked for money damages and declaratory and injunctive relief. Mr. Dicino subsequently informed the Court that he is incarcerated at the Arapahoe County Jail in Centennial, Colorado.

    On June 14, 2012, the Court ordered Mr. Dicino to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this Court's Local Rules 10.1 E. and G. concerning legibility of filed

papers.  On July 9, 2012, Mr. Dicino filed an amended complaint.

The Court must construe Mr. Dicino's amended complaint liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Dicino will be directed to file a second and final amended complaint.

Like his original complaint, Mr. Dicino's amended complaint generally fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The amended complaint is verbose, unnecessarily repetitive, and fails to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations.  Mr. Dicino's first claim concerning a rash on his body is unnecessarily wordy; his second claim resorts to a vague recitation of the conditions of confinement in administrative segregation with which he disagrees; and his third claim complaining he was not allowed to see his attorney fails to allege any injury.  The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury.  *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994).

The Court informed Mr. Dicino in the June 14 order for an amended complaint that the twin purposes of a complaint are to give the opposing parties fair notice of the

basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Generally, Mr. Dicino's amended complaint fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Mr. Dicino's must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Dicino must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the

specific acts of each defendant that allegedly violated his rights.  A long, chronological recitation of facts is not necessary.  Nor should the Court or defendants be required to sift through Mr. Dicino's verbose allegations to locate the heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the second and final amended complaint he will be directed to file, Mr. Dicino must clearly assert personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Dicino must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Dicino may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Dicino uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Dicino will be given an opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Michael Dicino, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Dicino shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Dicino fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint

and the action will be dismissed without further notice.

DATED July 19, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge