IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01274-WYD-KLM

MICHAEL DICINO,

     Plaintiff,

v.

SEAN RENFRO, Administrative Sergeant, in his individual and official capacities, and, ALEXANDRA GARCIA, Nurse, in her individual and official capacities,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with defendant, Sean Renfro's, Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(5)[1] [ECF No. 28], and defendant, Alexandra Garcia's, Motion To Dismiss Plaintiff's Second And Final Amended Prisoner Complaint [ECF No. 45]. Because plaintiff, Michael Dicino, proceeds *pro se*, I referred all motions to Magistrate Judge Mix [ECF No. 20]. On February 14, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 58] stating that Renfro's motion [ECF No. 28] should be granted and that Garcia's motion [ECF No. 45] should be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

---

[1] The title of Renfro's Motion to Dismiss reads that it is brought pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(5). I believe Renfro's citation to FED. R. CIV. P. 12(b)(5) in the title is in error because he presents no argument regarding insufficient service of process. I will construe Renfro's Motion to Dismiss as a motion brought pursuant FED. R. CIV. P. 12(b)(1) and 12(b)(6) because his arguments bear on this Court's subject matter jurisdiction of Dicino's claims and whether Dicino pled a claim upon which relief may be granted.

D.C.COLO.LCivR. 72.1.

## BACKGROUND

On August 30, 2012, *pro se* plaintiff, Michael Dicino, filed a Second and Final Amended Prisoner Complaint [ECF No. 16] alleging a claim under 42 U.S.C. § 1983[2] that defendants, Michael Renfro and Alexandra Garcia, violated his Eighth Amendment right to be free from cruel and unusual punishment. Dicino is currently incarcerated at Arapahoe County's detention facility in Colorado. Dicino was previously incarcerated at Jefferson County Jail in Colorado. Renfro is an Administrative Sergeant at Jefferson County Jail, and Garcia is a Nurse at Jefferson County Jail.

While at Jefferson County Jail, Dicino alleges that water from the showers leaked into the dayroom outside his cell and into his own cell. Dicino alleges that the water formed a "constant moldy puddle" and correctional officers did not provide him with a mop to clean the area. ECF No. 16, p. 4, ¶ 2. Dicino further alleges that as a result of the moldy puddle, he developed a painful skin rash over his entire body "that was so obvious even a layperson would realize the need for medical attention." *Id.*

Dicino states that he requested medical attention and sent written requests to Garcia, yet he did not receive medical attention until two months after the requests.

---

[2] Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Upon receiving medical attention, a doctor prescribed steroids for Dicino's rash yet Dicino never received the steroids. As a result, Dicino states that Garcia violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him adequate medical care.

Dicino states that he alerted Renfro about the condition of his cell and Renfro failed to remedy the leaky shower. Thus, Dicino argues that his conditions of confinement constituted cruel and unusual punishment under the Eighth Amendment and that Renfro is liable for not fixing the leaky shower.

On October 11, 2012, Renfro filed a Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(5) [ECF No. 28], arguing that: (1) Dicino fails to state a claim for cruel and unusual living conditions; (2) the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), bars Dicino's claim for compensatory damages; (3) Dicino fails to allege facts to support a claim against Renfro in his official capacity; and, (4) qualified immunity bars Dicino's claim against him in his individual capacity. On December 5, 2012, Garcia filed a Motion To Dismiss Plaintiff's Second And Final Amended Prisoner Complaint [ECF No. 45], arguing that: (1) Dicino fails to allege a causal link between his cell conditions and his rash; (2) Dicino fails to adequately allege that she was deliberately indifferent to his medical needs; and, (3) Dicino fails to allege facts to support a claim against her in her official capacity. On February 14, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 58] stating that: (1) Renfro's motion [ECF No. 28] should be granted and that he should be dismissed from this action; and, (2) Garcia's motion [ECF No. 45] should be granted to the extent Garcia seeks dismissal of Dicino's claim against her in her official capacity, and denied to the extent Garcia seeks dismissal of

Dicino's claim against her in her individual capacity. On February 28, 2013, Garcia filed Objections To Recommendation Of United States Magistrate Judge [ECF No. 61], arguing that: (1) Dicino failed to satisfy the objective and subjective components of a deliberate indifference claim; and, (2) Magistrate Judge Mix improperly relied on allegations outside of Dicino's complaint.

## ANALYSIS

### A. Sections of Magistrate Judge Mix's Recommendation That Are Without Objection

No objections were filed regarding Magistrate Judge Mix's Recommendation on Renfro's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(5) [ECF No. 28]. As such, I am vested with discretion to review that portion of the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review this portion of the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." FED. R. CIV. P. 72(b) Advisory Committee Notes. Upon careful review, I find that there is no clear error on the face of the record and the recommendation is thorough, well-reasoned, and sound. Therefore: (1) Dicino's claim against Renfro in his official capacity is DISMISSED WITH PREJUDICE; (2) Dicino's claim against Renfro in his individual capacity is DISMISSED WITHOUT PREJUDICE; and, (3) Renfro is DISMISSED from this action.

No objections were filed regarding Magistrate Judge Mix's Recommendation that Dicino's claim against Garcia in her official capacity should be dismissed with prejudice. As to that portion of the Recommendation, I find that there is no clear error on the face of the record and the recommendation is thorough, well-reasoned, and sound. Therefore, Dicino's claim against Garcia in her official capacity is DISMISSED WITH PREJUDICE.

**B.  Garcia's Objections to Magistrate Judge Mix's Recommendation [ECF No. 61]**

On February 28, 2013, Garcia filed Objections To Recommendation Of United States Magistrate Judge [ECF No. 61] regarding Dicino's claim against her in her individual capacity.  Specifically, Garcia objects to:  (1) Magistrate Judge Mix's finding that Dicino's rash is a sufficiently serious medical need; (2) Magistrate Judge Mix's finding that Dicino suffered sustained substantial harm as a result of the delay in medical attention; and, (3) Magistrate Judge Mix's alleged consideration of allegations contained outside Dicino's complaint.

### 1.  Legal Standard

Because Garcia filed objections to Magistrate Judge Mix's Recommendation [ECF No. 58], I must review "de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).  I must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).  Further, I am given discretion whether to "accept, reject, or modify" the recommended disposition made by the Magistrate Judge. FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

### a. Garcia's Objection to Magistrate Judge Mix's Finding That Dicino's Rash Was Sufficiently Serious

In order to prevail on an Eighth Amendment claim, a plaintiff must satisfy both the objective and subjective component of the claim. *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (Stating that a plaintiff must establish "both elements of an Eighth Amendment claim – the objective prong of sufficiently serious deprivation and the subjective prong of deliberate indifference"). Regarding the objective prong, a medical need is sufficiently serious if is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gee*, 627 F.3d at 1192.

In recommending that Garcia's motion be denied to the extent that Garcia seeks dismissal of Dicino's claim against her in her individual capacity, Magistrate Judge Mix found that Dicino's rash was sufficiently serious to satisfy the objective prong of an Eighth Amendment claim. Garcia objects to this finding and cites case law from various jurisdictions holding that a rash is not sufficiently serious. *See Tasby v. Cain*, 86 Fed. Appx. 745, 756 (5th Cir. 2004); *Gonzalez-Reyna v. Ellis*, 2009 WL 2421482, *3 (E.D. Va. July 27, 2009); *Dolberry v. Levine*, 567 F. Supp. 2d 413, 418 (W.D. N.Y. July 28, 2008); *Brown v. Pierce*, 2008 WL 619288, *5 (C.D. Ill. Mar. 4, 2008); *Hamm v. Riley*, 2007 WL 1377611, *2 (D. S.C. May 7, 2007); *Barnes v. Huffman*, 2007 WL 3339311, * 5 (W.D. Va. Nov. 7, 2007); *Ware v. Fairman*, 884 F. Supp. 1201, 1206 (N.D. Ill. Apr. 24, 1995). In her Recommendation, Magistrate Judge Mix states that the cases Dicino cites are distinguishable from the present case because they do not contain allegations that the rash at issue: (1) covered the plaintiff's entire body; (2) was severe and painful; (3)

lasted for nine months; (4) was so obvious that a layperson would realize medical attention was needed; and, (5) required steroids, which were prescribed, but never given to the plaintiff. ECF No. 58, p. 8, ¶ 2.  I agree with Magistrate Judge Mix.  Further, all but one case cited by Garcia address motions for summary judgment, not motions to dismiss.  This distinction is important because the majority of cases cited by Garcia were at a stage in the proceedings where the parties had engaged in more discovery than the present case and the rulings were based on evidence, or a lack thereof.  At the time Garcia filed her motion to dismiss, discovery had not yet commenced.  Thus, Garcia only challenges the face of Dicino's complaint.  Construing Dicino's complaint liberally, as I should being that Dicino is *pro se*, I find that Magistrate Judge Mix correctly held that at this stage of the proceeding, Dicino alleges enough facts to support a finding that his rash was sufficiently serious.  As such, Garcia's objection is OVERRULED.

### b. Garcia's Objection to Magistrate Judge Mix's Finding That Dicino Demonstrated That He Sustained Substantial Harm As A Result of the Delay In Medical Care

"[A] delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)).  "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Id.* (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).  Magistrate Judge Mix stated that "[l]iberally construing the allegations in the Second Amended Complaint, the Court finds that suffering from a 'painful' full-body rash for a period of nine months may constitute substantial harm

sufficient to withstand the Motion." ECF No. 58, p. 11, ¶ 2.

Garcia objects to Magistrate Judge Mix's finding, arguing that "[c]ases finding 'substantial harm' involve medical injuries that are significantly more serious than a simple rash." ECF No. 61, p. 5, ¶ 1. Garcia cites *Oxendine* in support of her argument. In *Oxendine*, the plaintiff filed a lawsuit against health care professionals at the Federal Correctional Institute in Florence, Colorado, alleging that they provided him with inadequate and delayed medical care. The plaintiff's right, middle-fingertip was severed after it was accidentally caught in the plaintiff's cell door. The defendants reattached plaintiff's fingertip but the injury worsened in the weeks following surgery. The plaintiff later received medical attention from a medical specialist and alleged that the delay in medical attention caused permanent loss of a portion of his finger. The United States Court of Appeals for the Tenth Circuit found that "the delay in seeking specialized treatment apparently caused Oxendine substantial harm due to the fact that a specialist was not obtained until after a substantial portion of the reattached finger had already been lost to decay, and because Oxendine experienced considerable pain while the finger continued to rot." 241 F.3d at 1278. Garcia argues that a finding of substantial harm is reserved for medical situations such as the one in *Oxendine*. I disagree.

Dicino suffered from a painful and severe full-body rash for nine months. A licensed medical professional prescribed steroids but Dicino never received such steroids. These are sufficient grounds, at this stage of the proceeding, to find that Garcia's delay in providing medical treatment to Dicino caused him substantial harm. I find Magistrate Judge Mix's finding of substantial harm correct. Therefore, Garcia's objection is OVERRULED.

In connection with the finding of substantial harm, Magistrate Judge Mix states in a footnote that, "[p]laintiff adds in his Response that he suffered from the chronic pain on a daily basis and that he had difficulty sleeping, difficulty focusing on writing and reading, and difficulty exercising because of sweat increasing the pain and discomfort." ECF No. 58, p. 11, n.2. Garcia objects to this statement, arguing that Magistrate Judge Mix improperly relied on allegations outside Dicino's complaint. I express no opinion as to whether Magistrate Judge Mix relied on such allegations. Dicino's allegations in his complaint, without incorporating the statements from his Response [ECF No. 55], are sufficient to support a finding of substantial harm. Thus, it is immaterial whether or not Magistrate Judge Mix relied on statements in Dicino's Response [ECF No. 55], and Garcia's objection is OVERRULED.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Magistrate Judge Mix's Recommendation [ECF No. 58] is **AFFIRMED** and **ADOPTED**. As such, it is

FURTHER ORDERED that defendant, Alexandra Garcia's, Motion To Dismiss Plaintiff's Second And Final Amended Prisoner Complaint [ECF No. 45] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent Garcia seeks dismissal of plaintiff, Michael Dicino's, claim against her in her official capacity, and that claim is **DISMISSED WITH PREJUDICE**. The motion is **DENIED** to the extent that Garcia seeks dismissal of Dicino's claim against her in her individual capacity. It is

FURTHER ORDERED that defendant, Sean Renfro's, Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(5) [ECF No. 28] is **GRANTED**. Plaintiff,

Michael Dicino's, claim against Renfro in his official capacity is **DISMISSED WITH PREJUDICE**, and Dicino's claim against Renfro in his individual capacity is **DISMISSED WITHOUT PREJUDICE**.  Renfro is **DISMISSED** from this action.  It is

FURTHER ORDERED that defendant, Alexandra Garcia's, Objections To Recommendation Of United States Magistrate Judge [ECF No. 61] are **OVERRULED**.

Dated:  May 28, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge