IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01274-WYD-KLM

MICHAEL DICINO,

    Plaintiff,

v.

ALEXANDRA GARCIA, Nurse, in her individual capacity,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [Docket No. 84; Filed June 21, 2013] (the "Motion"). On July 12, 2013, Defendant Alexandra Garcia ("Garcia") filed an Amended Response [#89] in opposition to the Motion. Sergeant Sean Renfro ("Sgt. Renfro") also filed a Response [#87] that same day.[1] On July 29, 2013, Plaintiff filed a Reply [#95] to Defendant Garcia's Response and a Reply [#94] to Sgt. Renfro's Response. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion is referred to this Court

---

[1] Sgt. Renfro notes that:

> Sgt. Renfro was dismissed without prejudice from this action following Judge Daniel's Order Affirming and Adopting Magistrate Judge Mix's Recommendation [Doc. #72, entered May 28, 2013]. Sgt. Renfro, therefore, is not currently a party to this action. Plaintiff seeks to add Sgt. Renfro back in as a party in his Proposed Third Amended Complaint raising essentially the same claim that was previously dismissed. Sgt. Renfro enters a limited appearance for purposes of opposing the proposed amendments.

*Response* [#87] at 1 n.1.

for recommendation [#85].[2] Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#84] be **GRANTED in part and DENIED in part**.

Plaintiff, who proceeds pro se in this matter,[3] is presently incarcerated at Sterling Correctional Facility, although at the time of the events underlying this lawsuit he was incarcerated at Jefferson County Jail. *2nd Am. Compl.* [#16] at 2-3. In short, Plaintiff asserts that he was subjected to "filthy conditions" while a pretrial detainee at Jefferson County Jail. As a result of these alleged conditions, he developed a severe and painful rash that covered his entire body, but he was not provided with adequate medical treatment despite multiple requests and complaints. *Id.* at 3. He asserts one claim in this lawsuit, an Eighth Amendment claim for cruel and unusual punishment. *Id.* at 4. He seeks compensatory and punitive damages. *Id.* at 8.

On February 14, 2013, the undersigned issued a Recommendation [#58] on Defendant Garcia's Motion to Dismiss [#45] and on then-Defendant Sgt. Renfro's Motion

---

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, the Court assumes that the issue is dispositive and requires a recommendation.

[3] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

to Dismiss [#28]. Judge Daniel subsequently adopted the Recommendation, which left only Plaintiff's Eighth Amendment claim against Defendant Garcia in her individual capacity. *Order* [#72]. In the present Motion, Plaintiff seeks to make minor modifications to the facts underlying his claim against Defendant Garcia as well as to flesh out his allegations against Sgt. Renfro so that the Court will reinstate Plaintiff's Eighth Amendment claim against him. *Motion* [#84]. Both Defendant Garcia and Sgt. Renfro oppose Plaintiff's request for leave to amend. *Responses* [#87, #89].

As a preliminary matter, a Scheduling Conference has not yet been held, and no pleading amendment deadline has yet been set. Therefore, Plaintiff's request to file an amended complaint is timely. The Court thus considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**A.  Futility**

Sgt. Renfro argues that amendment should be denied based on futility. *Response* [#87] at 9-11. An amendment is futile if it would not survive a motion to dismiss.[4]

---

[4] As relevant here, the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to

*Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan.8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). In the Recommendation [#58], as adopted by Judge Daniel, the Court found that Sgt. Renfro was entitled to qualified immunity because Plaintiff failed to provide allegations establishing a plausible violation of the Eighth Amendment by Sgt. Renfro.[5] Specifically, the Court found that Plaintiff failed to provide allegations sufficient to meet the subjective component of an Eighth Amendment cruel and unusual punishment claim. *Recommendation* [#58] at 17.

Plaintiff asserts that the additional allegations he provides in paragraphs 11-13 of the proposed Third Amended Complaint cure this issue. Those paragraphs state as follows:

> 11.  Sean Renfro is the Administrative Sergeant who is in charge of the conditions of the ad-seg unit. The flooding problem in the ad-seg unit had been going on for long before I was housed there. It was not[h]ing new, and Renfro knew about it. I witnessed several other inmates including myself complain to Pod Deput[ie]s about the problem. Multiple Deputies agreed it is a problem and told us they have to put in complaints themselves because they have to walk through it every day. When we asked who to write kites

---

relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero*, 510 F.3d at 1200 ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 129 S. Ct. at 1950 (quotation marks and citation omitted).

[5] The Court hereby incorporates its discussion of the law and facts as stated in the Recommendation. [#58] at 3, 14-17.

> (jail requests) to, we were told Sergeant Renfro.
>
> 12. Some time in February 2012, a Pod Deputy slipped and fell in the water that was constantly outside my door while passing out meal tr[a]ys. That Deputy was taken to the hospital. Later that week, the other Deputy that was passing out tr[a]ys with the Deputy that slipped, walked Sergeant Renfro and another Sergeant, Sergeant Webb, around the ad-seg unit pointing out the water coming from the shower and under my cell door. He then re-enacted how the Deputy fell to show Renfro how it happened. Renfro and Webb said they just wanted to verify it wasn't an inmate who created the flood for their reports. The Deputy then confirmed the flood was a constant and continuous problem coming from the showers. Even after that, nothing was done to fix the shower flooding.
>
> 13. Moreover, [i]n February 2012 until the day I was transfer[r]ed facilities, I filled out multiple kites/requests to Sergeant Renfro himself telling him about the flooding problem and how it was causing me medical problems. He would not even give me a grievance, let alone fix the problem. Any kites I tried to fill out to anyone else after that were automatically put in Renfro[']s box by the pod Deputies and answered by Renfro. I could not kite anyone else. Nothing was ever done to fix the flooding problem. I was still living in a flooded cell the day I was transferred from Jefferson County on May 25, 2012 – months later.

*Proposed 3d Am. Compl.* [#84-1] ¶¶ 11-13.

To succeed on an Eighth Amendment claim for failure to protect, a plaintiff must demonstrate that objectively, he was incarcerated under conditions that posed a substantial risk of serious harm, and that subjectively, prison officials were deliberately indifferent to his safety. *See, e.g., Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). "Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context." *Id.* (quoting *Verdicia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003)). Thus, "the official must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996).

As with Plaintiff's Second Amended Complaint, the Court finds that the allegations

in the proposed Third Amended Complaint regarding the subjective component of the test are insufficient as a matter of law with respect to Sgt. Renfro. As stated in the Recommendation:

> [D]eliberate indifference is more than mere negligence and should be construed as equating to recklessness on the part of the defendant. *Smith*, 445 F.3d at 1258. Here, therefore, Plaintiff must demonstrate both that Defendant Renfro was aware of facts from which an inference could be drawn that Plaintiff was subject to a substantial risk of serious harm and that Defendant Renfro actually drew that inference. *See Riddle*, 83 F.3d at 1204. Plaintiff asserts that he made Defendant Renfro aware of the water starting on February 20, 2012, six months after Plaintiff's rash allegedly began. There is no indication that Plaintiff informed Defendant Renfro that he had been to see a doctor, that he had been prescribed medication, or that the doctor had opined that the water could have been causing Plaintiff's rash. There is also no indication that Plaintiff informed Defendant Renfro of the severity of his rash, how long he had it, or the pain he suffered from it.[ ] In fact, at most, Plaintiff suggested to Defendant Renfro three months before he was transferred from Jefferson County Jail that the standing water may have been causing his rash. This is simply insufficient for the Court to find that Defendant Renfro acted with obduracy and wantonness as opposed to inadvertence or error in good faith. *See Whitley* [*v. Albers*], 475 U.S. [312, 319 (1986)]. Plaintiff has not pled sufficient facts to state a plausible claim that Defendant Renfro knew of and deliberately disregarded a danger to Plaintiff based on the living conditions of his cell. Plaintiff has shown neither that Defendant Renfro "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" nor that he acted with a sufficiently culpable state of mind. *See Farmer* [*v. Brennan*], 511 U.S. [825, 837 (1994)]. Thus, Plaintiff's claim against Defendant Renfro must fail. Because Plaintiff has not pled a plausible violation of the Eighth Amendment by Defendant Renfro, the Court finds that Defendant Renfro is entitled to qualified immunity.

*Recommendation* [#58] at 16-17. Plaintiff, while clarifying many aspects of his claim in his proposed Third Amended Complaint, has still not provided allegations sufficient to demonstrate that Sgt. Renfro acted with the obduracy and wantonness that is required to support a cruel and unusual punishment claim, as the Court has previously addressed. Thus, Sgt. Renfro is entitled to qualified immunity, and he remains appropriately dismissed from this action.

**B.     Undue Delay**

Defendant Garcia argues in her Response [#89] that Plaintiff unduly delayed in seeking amendment of his Second Amended Complaint. Concerning delay, "[t]he important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* However, the Tenth Circuit has also emphasized the similarity between the "good cause" standard of Rule 16(b) and the "undue delay" analysis of Rule 15(a). Here, considering that a Scheduling Conference has not yet been held, that a pleading amendment deadline has not yet been set, that discovery has not yet commenced, that no new claims are being asserted, that Plaintiff proceeds as a pro se litigant, and that the Court should grant leave to amend "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court finds that Plaintiff's delay in seeking amendment is not undue.

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#84] be **GRANTED in part and DENIED in part**. The Court **recommends** that the Motion be **denied** to the extent it seeks to again plead an Eighth Amendment claim against Sgt. Renfro and to the extent it seeks to again add Sgt. Renfro as a party to this case. The Court **recommends** that the Motion be **granted** in all other respects and that Plaintiff be permitted to file his proposed Third Amended Complaint.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that the Clerk of the Court shall mail a copy of this Recommendation to counsel for Sgt. Renfro at the address listed on page 13 of his Response [#87] to Plaintiff's Motion.

Dated: October 9, 2013

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge