IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01274-WYD-KLM

MICHAEL DICINO,

    Plaintiff,

v.

ALEXANDRIA GARCIA,

    Defendants.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court on *pro se* plaintiff, Michael Dicino's, Motion For Leave To Amend Complaint [ECF No. 84] and Magistrate Judge Mix's Recommendation [ECF No. 103]. Because Dicino proceeds *pro se*, I referred this action to Magistrate Judge Mix. ECF No. 20. On October 9, 2013, Magistrate Judge Mix issued her Recommendation [ECF No. 103] on Dicino's Motion For Leave To Amend Complaint [ECF 84] in which she states that Dicino's motion should be granted in part and denied in part. Magistrate Judge Mix's Recommendation [ECF No. 103] is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Rule 72(b) of the FEDERAL RULES of CIVIL PROCEDURE, and D.C.COLO.LCivR. 72.1.

## BACKGROUND

On August 30, 2012, Dicino filed a Second and Final Amended Prisoner Complaint [ECF No. 16] alleging a claim under 42 U.S.C. § 1983[1] that defendants,

---

[1] Pursuant to 42 U.S.C. § 1983:

Michael Renfro and Alexandra Garcia, violated his Eighth Amendment right to be free from cruel and unusual punishment. Dicino is currently incarcerated at Arapahoe County's detention facility in Colorado. Dicino was previously incarcerated at Jefferson County Jail in Colorado. Renfro is an Administrative Sergeant at Jefferson County Jail, and Garcia is a Nurse at Jefferson County Jail.

While at Jefferson County Jail, Dicino alleges that water from the showers leaked into the dayroom outside his cell and into his own cell. Dicino alleges that the water formed a "constant moldy puddle" and correctional officers did not provide him with a mop to clean the area. ECF No. 16, p. 4, ¶ 2. Dicino further alleges that as a result of the moldy puddle, he developed a painful skin rash over his entire body "that was so obvious even a layperson would realize the need for medical attention." *Id.*

Dicino states that he requested medical attention and sent written requests to Garcia, yet he did not receive medical attention until two months after the requests. Upon receiving medical attention, a doctor prescribed steroids for Dicino's rash yet Dicino never received the steroids. As a result, Dicino states that Garcia violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him adequate medical care.

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Dicino states that he alerted Renfro about the condition of his cell and Renfro failed to remedy the leaky shower. Dicino argues that his conditions of confinement and Renfro's failure to fix the leaky shower constitute cruel and unusual punishment under the Eighth Amendment.

On October 11, 2012, Renfro filed a Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(5) [ECF No. 28], arguing that: (1) Dicino fails to state a claim for cruel and unusual living conditions; (2) the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), bars Dicino's claim for compensatory damages; (3) Dicino fails to allege facts to support a claim against Renfro in his official capacity; and, (4) qualified immunity bars Dicino's claim against him in his individual capacity. On December 5, 2012, Garcia filed a Motion To Dismiss Plaintiff's Second And Final Amended Prisoner Complaint [ECF No. 45], arguing that: (1) Dicino fails to allege a causal link between his cell conditions and his rash; (2) Dicino fails to adequately allege that she was deliberately indifferent to his medical needs; and, (3) Dicino fails to allege facts to support a claim against her in her official capacity. On February 14, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 58] stating that: (1) Renfro's motion [ECF No. 28] should be granted and that he should be dismissed from this action; and, (2) Garcia's motion [ECF No. 45] should be granted to the extent Garcia seeks dismissal of Dicino's claim against her in her official capacity, and denied to the extent Garcia seeks dismissal of Dicino's claim against her in her individual capacity. On May 28, 2013, I issued an Order [ECF No. 72] affirming and adopting Magistrate Judge Mix's Recommendation [ECF No. 58].

On June 21, 2013, Dicino filed his Motion For Leave To Amend Complaint [ECF No. 84] in which he requests leave to amend his complaint to cure deficiencies in his previously dismissed Eight Amendment claim against Renfro and to clarify allegations in his Eighth Amendment claim against Garcia.  On October 9, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 103] on Dicino's motion [ECF No. 84] stating that Dicino's motion should be granted to the extent he wishes to clarify allegations against Garcia and denied to the extent Dicino wishes to add allegations to cure deficiencies in his previously dismissed claim against Renfro.  On November 18, 2013, Dicino filed his Objections to Recommendation Of United States Magistrate Judge [ECF No. 108] in which he objects to the finding that his allegations are insufficient to state a claim against Renfro.

## ANALYSIS

### A. Sections of Magistrate Judge Mix's Recommendation That Are Without Objection

No objections were filed regarding Magistrate Judge Mix's recommendation that Dicino be granted leave to amend his complaint as it relates to his Eight Amendment claim against Garcia.  As such, I am vested with discretion to review that portion of the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review this portion of the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." FED. R. CIV. P. 72(b) Advisory Committee Notes.

Upon careful review, I find that there is no clear error on the face of the record and this portion of the Recommendation is thorough, well-reasoned, and sound. Therefore, Dicino's Motion For Leave To Amend Complaint [ECF No. 84] is GRANTED to the extent he seeks leave to amend his complaint as to Garcia.

**B. Dicino's Objections to Magistrate Judge Mix's Recommendation [ECF No. 108]**

Dicino objects to the portion of the Recommendation stating that amendment of his previously dismissed Eighth Amendment claim against Renfro is futile and that he "has still not provided allegations sufficient to demonstrate that Sgt. Renfro acted with the obduracy and wantonness that is required to support a cruel and unusual punishment claim . . . " ECF No. 103, p. 6.  Because Dicino filed objections to this portion of the Recommendation, I must review it *de novo.* FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).  I must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).  Further, I am given discretion whether to "accept, reject, or modify" the recommended disposition by Magistrate Judge Mix. FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

In my May 28, 2013, Order [ECF No. 72], I affirmed and adopted Magistrate Judge Mix's Recommendation [ECF No. 58] regarding Renfro's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5) [ECF No. 28] which stated that Dicino "has not pled sufficient facts to state a plausible claim that Defendant Renfro knew of and deliberately disregarded a danger to Plaintiff based on the living conditions of his cell." ECF No. 103, p. 6.  In his Motion To Amend Complaint [ECF No. 84], Dicino alleges that paragraphs 11-13 of his proposed Third Amended Prisoner Complaint [ECF

No. 84-1] "cure the deficiencies in the complaint by specifying Renfro's deliberate indifference." ECF No. 84, p. 5, ¶ 14. Paragraphs 11-13 state:

> 11. Sean Renfro is the Administrative Sergeant who is in charge of the conditions of the ad-seg unit. The flooding problem in the ad-seg unit had been going on for long before I was housed there. It was not[h]ing new, and Renfro knew about it. I witnessed several other inmates including myself complain to Pod Deput[ies] about the problem. Multiple Deputies agreed it is a problem and told us they have put in complaints themselves because they have to walk through it every day. When we asked who to write kites (jail requests) to, we were told Sergeant Renfro.
>
> 12. Some time in February 2012, a Pod Deputy slipped and fell in the water that was constantly outside my door while passing out meal t[rays]. That Deputy was taken to the hospital. Later that week, the other Deputy that was passing out tr[a]ys with the Deputy that slipped, walked Sergeant Renfro and another Sergeant, Sergeant Webb, around the ad-seg unit pointing out the water coming from the shower and under my cell door. He then re-enacted how the Deputy fell to show Renfro how it happened. Renfro and Webb said they just wanted to verify it wasn't an inmate who created the flood for their reports. The Deputy then confirmed that the flood was a constant and continuous problem coming from the showers. Even after that, nothing was done to fix the shower flooding.
>
> 13. Moreover, [i]n February 2012 until the day I was transfer[r]ed facilities, I filled out multiple kites/requests to Sergeant Renfro himself telling him about the flooding problem and how it was causing me medical problems. He would not even give me a grievance, let alone fix the problem. Any kites I tried to fill out to anyone else after that were automatically put in Renfro[']s box by the pod Deputies and answered by Renfro. I could not kite anyone else. Nothing was ever done to fix the flooding problem. I was still living in a flooded cell the day I was transferred from Jefferson County on May, 2012 – months later.

ECF No. 84-1, p. 8, ¶¶ 11-12 and p. 9, ¶¶ 12-13.

Dicino relies on *Despain v. Uphoff*, 264 F.3d 965 (10th Cir. 2001), in support of his argument that paragraphs 11-13 cure the deficiencies in his previously dismissed Eighth Amendment claim asserted against Renfro. In *Despain*, the United States Court of Appeals for the Tenth Circuit reversed the district court and found that the petitioner had established a 42 U.S.C. § 1983 claim regarding a violation of his Eight Amendment right to be free from cruel and unusual punishment due to conditions resulting from a prison flood. The facts in *Despain* are strikingly different than the facts in the case at bar. In *Despain*, prisoners in the administrative segregation unit intentionally plugged their toilets with styrofoam cups in order to flood the unit. This resulted in approximately four inches of standing water. Prison officials turned the toilet system off for approximately 36 hours in order to remedy the situation. Without the ability to use toilets, prisoners urinated and defecated in the standing water, which resulted in free-flowing urine and feces. Further, "[t]he [food] cart's ground clearance was roughly the same as the water depth, making it difficult to avoid contact between the food and the contaminated water." 264 F.3d at 972. "Food trays were not picked up after lunch service, and at future meals the officers merely kicked the trays out of their way, adding uneaten and partially eaten food to the standing water." *Id*. The situation became so deplorable that "officers began wearing boots to protect themselves from the mess." *Id*. at 973.

Regarding whether the defendant was deliberately indifferent, the petitioner in *Despain* alleged that the defendant gave orders to not clean up the mess. The Tenth Circuit stated that prison guards reported to the defendant and that "it appears that they were well aware of conditions related to the flooding." 264 F.3d at 977. Thus, the Tenth

Circuit stated "we cannot conclude as a matter of law that [the defendant] did not show deliberate indifference to the health risks presented by the flooding and lack of sanitation. *Id*.

Here, the facts are completely dissimilar to those in *Despain*. Dicino was not exposed to four inches of standing water contaminated with free-flowing urine and feces and his food was not subject to exposure to the contaminated water. Further, there is no evidence that Renfro told any other prison official to not clean up the shower water, as was the case in *Despain*. Thus, *Despain* is distinguishable from the present case and is not controlling.

Having reviewed the objection *de novo*, I agree with Magistrate Judge Mix's analysis and recommendation that Dicino's proposed Third Amended Prisoner Complaint [ECF No. 84-1] is futile as it relates to his previously dismissed Eighth Amendment claim against Renfro. Therefore, the objection is OVERRULED.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Magistrate Judge Mix's Recommendation [ECF No. 103] is **AFFIRMED** and **ADOPTED**. It is

FURTHER ORDERED that Dicino's Objections To Recommendation Of United States Magistrate Judge [ECF No. 108] are **OVERRULED**. As such, it is

FURTHER ORDERED that Dicino's Motion To Amend Complaint [ECF No. 84] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that Dicino seeks to amend his complaint to clarify allegations in his Eighth Amendment claim against Garcia. The motion is **DENIED** to the extent that Dicino requests leave to

amend his complaint to cure deficiencies in his previously dismissed Eighth Amendment claim against Renfro.  Thus, Dicino's proposed Third Amended Prisoner Complaint [ECF No. 84-1] is accepted **only to the extent that he alleges an Eighth Amendment claim against Garcia**.

Dated:  March 28, 2014.

BY THE COURT:

<u>/s/ Wiley Y. Daniel</u>
Wiley Y. Daniel
Senior U. S. District Judge