IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01274-WYD-KLM

MICHAEL DICINO,

    Plaintiff,

v.

ALEXANDRA GARCIA, Nurse, in her individual capacity,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [#124][1] (the "Motion"). Defendant Alexandra Garcia ("Garcia") filed a Response [#126] in opposition to the Motion, and Plaintiff filed a Reply [#134]. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motion is referred to this Court for a recommendation regarding disposition [#125].[2] Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the

---

[1] "[#124]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, the Court assumes that the issue is dispositive and requires a recommendation.

Motion [#124] be **GRANTED in part and DENIED in part**, as follows.

Plaintiff, who proceeds pro se in this matter,[3] is presently incarcerated at Sterling Correctional Facility, although at the time of the events underlying this lawsuit he was incarcerated at Jefferson County Jail. *Third Am. Compl.* [#16] at 2-3. In short, Plaintiff asserts that he was subjected to "filthy conditions" while a pretrial detainee at Jefferson County Jail. As a result of these alleged conditions, he developed a severe and painful rash that covered his entire body, but he was not provided with adequate medical treatment despite multiple requests and complaints. *Id.* at 3. He asserts one claim in this lawsuit, an Eighth Amendment claim for cruel and unusual punishment.[4] *Id.* at 4. He seeks compensatory and punitive damages. *Id.* at 11.

In the proposed Fourth Amended Complaint [#124-1], Plaintiff seeks to use information obtained through initial discovery requests to expand his allegations against Defendant Garcia, to add allegations against a proposed new defendant, Daria Arthur ("Arthur"), and to change his Eighth Amendment claim to a Fourteenth Amendment claim. *Motion* [#124] at 2-3. Defendant opposes all proposed modifications to the Third Amended Complaint [#128]. *Response* [#126].

As a preliminary matter, the deadline for joinder of parties and amendment of

---

[3] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] The Eighth Amendment claim against former Defendant Sean Renfro that is referenced in the Third Amended Complaint has been dismissed. *See Order* [#127] at 8-9.

pleadings occurred on February 26, 2014. *Minute Order* [#123]. The present Motion [#124] was filed on February 25, 2014. Therefore, Plaintiff's request to file an amended complaint is timely. The Court thus considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, in the presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant Garcia argues, without citation to any supportive case law other than *Foman*, that Plaintiff has repeatedly failed to cure deficiencies in his previous amendments and therefore should not be permitted to file a Fourth Amended Complaint. *Response* [#126]. Although the Court generally frowns on repeated attempts to cure defective complaints through amendment, the Court here finds that Plaintiff has provided good cause for amendment and that justice requires that he be permitted to file a Fourth Amended Complaint.

First, this is only Plaintiff's second request to amend since the case was drawn to a district judge and magistrate judge on August 30, 2012. *Order* [#17]. Plaintiff's first request attempted to cure deficiencies in his Second Amended Complaint based on rulings issued with respect to Defendant Garcia's and then-Defendant Sean Renfro's Motions to Dismiss. *See Motion to Amend* [#84]. Although his attempt to reinstate his only claim against Sean Renfro failed, the Court permitted Plaintiff to flesh out his allegations on the one claim against Defendant Garcia that remained. *See Order* [#127]. The present

-3-

Motion, however, seeks to add information obtained by Plaintiff from his initial discovery requests about Defendant Garcia. *See Reply* [#134] at 3 ("The reasons I request to amend at this time is because I have just received initial discovery from Defendant Garcia. I now know more about what she did and/or failed to do."). Defendant Garcia argues, without support, that Plaintiff should not be permitted to "significantly modif[y]" his allegations to alter the timeline of pertinent (though unspecified) events and to add allegations regarding, for example, Defendant Garcia's job duties and her communication with the clinic regarding Plaintiff's condition. *Response* [#126] at 5-6. However, Defendant Garcia does not argue that these allegations were known to Plaintiff prior to his receipt of discovery. Thus, it is unclear how Plaintiff could have previously amended his complaint to include this information or, to the extent that Defendant Garcia *may* be arguing undue prejudice, how she would be harmed by these amendments.

Defendant Garcia also argues that Plaintiff should not be permitted to change his Eighth Amendment claim into a Fourteenth Amendment. *Response* [#126] at 5. However, Plaintiff is correct that his deliberate indifference claim falls under the Fourteenth Amendment, and not the Eighth Amendment, because he was a pretrial detainee at the time of his incarceration. *Reply* [#134] at 3. The United States Supreme Court has stated that the Eighth Amendment has no application when there has been no formal adjudication of guilt against a person at the time he required medical care. *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983). The due process clause of the Fourteenth Amendment "does require the responsible government or governmental agency to provide medical care to persons," and "the due process rights of [such] a person . . . are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.* With respect to

amendment of this claim, the Court notes that Plaintiff is proceeding as a pro se litigant and that his pleadings are held to a less stringent standard than pleadings drafted by attorneys. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110.  The mistake made by Plaintiff of initially asserting his claim under the Eighth Amendment is a common one in similar claims brought by pro se litigants who were pretrial detainees when their claims arose, and the Court regularly sua sponte construes the claims under the Fourteenth Amendment in cases brought by state-held pretrial detainees.  *See, e.g.*, *Meek v. Crews*, No. 13-cv-01064-MSK-KLM, 2014 WL 1056581, at *3 (D. Colo. Mar. 19, 2014).  Defendant Garcia has raised no valid reason why the same change should not be permitted in this matter.  Given that the Court should grant leave to amend "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court finds that Plaintiff should here be permitted to file his Fourth Amended Complaint with this change.

Finally, Plaintiff seeks leave to amend his complaint to add a defendant, Ms. Arthur. *See Reply* [#134] at 3 ("I now know about the identity and actions of a new defendant that I had no way of knowing about before discovery.").  He states that "[b]y reading through the medical reports that were part of my discovery, I realized that a nurse I had never met, Daria Arthur, was acting behind the scenes, and was also responsible for my not getting my medication.  There was no way I could have known about Daria Arthur, or her actions, before I got discovery."  *Id.* at 6.  Defendant Garcia enigmatically argues that Plaintiff should not be permitted to raise the deliberate indifference claim against both Defendant Garcia and Ms. Arthur.  *Response* [#126] at 6-7.  She states, "Allegations against both Defendant Garcia and proposed Defendant Arthur are contained within Claim One of the Plaintiff's Proposed Fourth Amended Complaint.  This intermixing of claims against more

than one Defendant only compounds the deficiencies involved in the claim against Defendant Garcia in her individual capacity." *Id.* (internal citation omitted). Defendant Garcia never provides any reason as to why Plaintiff cannot organize his new complaint as he has or why, as she asserts, Plaintiff should be required to bring an entirely new lawsuit against Ms. Arthur, when the allegations against both Defendant Garcia and Ms. Arthur are directly connected to Plaintiff's failure to receive his medication while incarcerated at Jefferson County Jail. The Court will not provide legal authority on Defendant Garcia's behalf.

However, based on its authority under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court sua sponte raises the issue of futility with regard to Plaintiff's proposed Fourteenth Amendment deliberate indifference claim against Ms. Arthur. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim on which relief may be granted"). An amendment is futile if it would not survive a motion to dismiss.[5] *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-

---

[5] As relevant here, the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero*, 510 F.3d at 1200 ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid

00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan.8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). The Tenth Circuit Court of Appeals has stated that a pretrial detainee's Fourteenth Amendment deliberate indifference claim of inadequate medical care should be evaluated pursuant to the standards set by the United States Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976) regarding a convicted prisoner's Eighth Amendment deliberate indifference claim of inadequate medical care. *Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013) (stating that pretrial detainees are owed "at least the same standard of care prison officials owe convicted inmates").

Because "[a]n inmate must rely on prison authorities to treat his medical needs," *Estelle*, 429 U.S. at 103, the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . ." *Id.* at 104 (quoting *Gregg*, 428 U.S. at 173). To prove a claim of deliberate indifference, a prisoner must establish that (1) he was deprived of a medical need that is, objectively, "sufficiently serious," and (2) the defendant knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). The Court has previously found in this litigation that Plaintiff has alleged a medical need sufficiently serious to meet the objective component of this claim. *Order* [#72] at 7. As for the subjective component of the test, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the [prohibited] conduct . . . ." *Whitley*

---

of further factual enhancement." *Id.* (internal quotation marks omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 129 S. Ct. at 1950 (quotation marks and citation omitted).

*v. Albers*, 475 U.S. 312, 319 (1986). The Court therefore must examine whether Plaintiff has sufficiently alleged that Ms. Arthur was aware of Plaintiff's condition and that her actions demonstrated deliberate indifference to Plaintiff's medical need.

The Court finds that Plaintiff has failed to sufficiently allege the subjective component of this claim. He has not pled sufficient facts to state a plausible claim that Ms. Arthur knew of, and deliberately disregarded, Plaintiff's need for medical treatment. The subjective element may be demonstrated by providing allegations that Ms. Arthur "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 837. A defendant knew of and disregarded an excessive risk to a prisoner's health or safety when she was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," *and* she actually drew that inference. *Id.* Furthermore, "[d]eliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." *Ramos*, 639 F.2d at 575 (citation omitted). Pursuant to this standard, a plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite [her] knowledge of a substantial risk of serious harm." *Id.* at 842.

Plaintiff makes only the following allegations about Ms. Arthur in the proposed Fourth Amended Complaint: (1) "[Plaintiff] was prescribed medication for the rash by a doctor, but was not administered the medication because defendant Arthur 'deleted' the prescription;" (2) "[D]efendant Garcia failed to communicate [Plaintiff's] complaints to the clinic;" (3)

-8-

"Defendant Arthur is also [a Licensed Practical Nurse], but it is unclear exactly where in [Jefferson County Jail] she worked;" (4) "[o]n November 23, 2011, at 1:15 p.m., Defendant Arthur entered a modification into the medical database "deleting" [Plaintiff's] prescription;" and (5) [t]here was no legitimate reason for [Plaintiff's] prescription being deleted." *Proposed Fourth Am. Compl.* [#124-1] at 3-4, 6. Although Plaintiff sufficiently alleges that Ms. Arthur's action may have contributed to his failure to receive any medication, that is not the standard. Plaintiff has failed to allege that Ms. Arthur had any knowledge of his condition, not to mention any knowledge that Plaintiff was at substantial risk of serious harm. Plaintiff never alleges that he met Ms. Arthur or that she received any information, written or otherwise, that would put her on notice of his condition. Further, Plaintiff affirmatively alleges that Defendant Garcia never communicated his condition to personnel at the clinic, where Plaintiff seems to imply that Ms. Arthur may have worked. *Id.* at 3. Under these conditions, the Court cannot find that Plaintiff has alleged that Ms. Arthur acted with the requisite "obduracy and wantonness" that the subjective component of this claim requires. *Whitley*, 475 U.S. at 319.

Thus, the Court concludes that Plaintiff has failed to allege enough facts to state a plausible claim for relief under the Fourteenth Amendment against Ms. Arthur. Accordingly, the Court **recommends** that this portion of Plaintiff's Motion [#124] seeking amendment be **denied**.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#124] be **GRANTED in part and**

**DENIED in part**.  The Court **recommends** that the Motion be **denied** to the extent Plaintiff seeks to assert a claim against Ms. Arthur and **granted** in all other respects.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 11, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge