IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01274-WYD-KLM

MICHAEL DICINO,

    Plaintiff,

v.

ALEXANDRA GARCIA, Nurse, in her individual capacity,

    Defendant.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT**
_____

THIS MATTER is before the Court on *pro se* plaintiff, Michael Dicino's, Motion For Leave To Amend Complaint [ECF No. 124] and Magistrate Judge Mix's Recommendation [ECF No. 137] on Dicino's Motion For Leave To Amend Complaint [ECF No. 124]. I referred this action to Magistrate Judge Mix on February 26, 2014. ECF No. 125. On April 11, 2014, Magistrate Judge Mix issued her Recommendation [ECF No. 137] stating that Dicino's motion should be granted in part and denied in part. Magistrate Judge Mix's Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Rule 72(b) of the FEDERAL RULES of CIVIL PROCEDURE, and D.C.COLO.LCivR. 72.1.

Magistrate Judge Mix advised the parties that they had 14 days after service of a copy of her Recommendation to file objections to the Recommendation. ECF No. 137, p. 10, ¶ 2. As of Wednesday, July 30, 2014, no party has filed objections. Because the

parties did not file objections, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] Advisory Committee Notes to FED. R. CIV. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Mix's Recommendation is thorough, well-reasoned, and sound. Further, I agree that Dicino's motion should be granted in part and denied in part.

## CONCLUSION

After careful consideration of the matter before this Court, it is

ORDERED that Magistrate Judge Mix's Recommendation [ECF No. 137] is **AFFIRMED** and **ADOPTED**. As such, it is

FURTHER ORDERED that Dicino's Motion For Leave To Amend Complaint [ECF No. 124] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that Dicino seeks to include additional allegations in his claim against defendant, Alexandra Garcia, and to the extent Dicino seeks to assert his claim against Garcia under the Fourteenth Amendment rather than the Eighth Amendment.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

The motion is **DENIED** to the extent Dicino seeks to pursue a claim against Daria Arthur because the allegations in Dicino's proposed Fourth Amended Complaint [ECF No. 124-1] fail to establish a plausible claim against Arthur for deliberate indifference to serious medical needs under the Fourteenth Amendment. It is

FURTHER ORDERED that Dicino's proposed Fourth Amended Complaint [ECF No. 124-1] is **ACCEPTED only to the extent that he alleges a claim against Garcia under the Fourteenth Amendment**.

Because Dicino's Fourth Amended Complaint [ECF No. 124-1] is now the operative pleading in this matter, it is

FURTHER ORDERED that Garcia's Motion For Summary Judgment Pursuant Fed. R. Civ. P. 56(a) [ECF No. 135] is **DENIED AS MOOT**. Garcia has leave to file a motion for summary judgment based on allegations in Dicino's Fourth Amended Complaint [ECF No. 124-1].

Dated: July 30, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge